IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

ROBERT LEE BROWN,
    Plaintiff,

vs.                                       Case No.: 5:15cv172/MMP/EMT

RICHARD DONNELLY,
    Defendant.
_____/

## REPORT AND RECOMMENDATION

This cause is before the court on Plaintiff's amended civil rights complaint filed under 42 U.S.C. § 1983 (ECF No. 6). Plaintiff was granted leave to proceed in forma pauperis (ECF No. 7).

Because Plaintiff is proceeding in forma pauperis, the court may dismiss this case if satisfied that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). The language in this subsection "tracks the language of Federal Rule of Civil Procedure 12(b)(6)," and thus dismissals for failure to state a claim are governed by the same standard as Rule 12(b)(6). Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997). The allegations of the complaint are taken as true and are construed in the light most favorable to Plaintiff. Davis v. Monroe County Bd. of Educ., 120 F.3d 1390, 1393 (11th Cir.

1997). To survive § 1915(e)(2)(B)(ii), "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009) (quotation and citation omitted). A claim is plausible on its face where "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citation omitted). Plausibility means "more than a sheer possibility that a defendant has acted unlawfully." *Id.* "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (quotation and citation omitted).

The determination of whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 556 U.S. at 679 (citation omitted). The pleader is not entitled to relief "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct." *Id.* (citing Fed. R. Civ. P. 8(a)(2)). The court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Id.* at 678 (quotation and citation omitted). And "bare assertions" that "amount to nothing more than a formulaic recitation of the elements" of a claim

"are conclusory and not entitled to be assumed true." *Id.* at 681 (quotation and citation omitted). Stated succinctly:

> Pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

*Id.* at 679. Finally, consistent with the foregoing precepts, in civil rights cases more than "mere conclusory notice pleading" is required, and a complaint is subject to dismissal "as insufficient where the allegations it contains are vague and conclusory." Gonzalez v. Reno, 325 F.3d 1228, 1235 (11th Cir. 2003) (quotation and citation omitted). Upon review of the Complaint, the court concludes that facts set forth by Plaintiff fail to state a claim for relief that is plausible on its face. Dismissal of this action is therefore warranted.

An inmate currently housed at Santa Rosa Correctional Institution ("SRCI"), Plaintiff claims that he was wrongly found guilty of inciting a riot after a disciplinary hearing held on May 5, 2015 (ECF No. 6 at 5). He names as the only Defendant a Correctional Officer, Richard Donnelly, whom he alleges was responsible for the Disciplinary Report ("DR") that resulted in Plaintiff being found guilty of the charge, which resulted in disciplinary confinement in Close Management status for 60 days

and the loss of 90 days of gain time credits (ECF No. 6 at 5).  Plaintiff's central argument is that there was a video recording of the incident giving rise to the disciplinary charge and that, had the officers reviewing the recording observed a certain portion of the recording, they would have seen that Plaintiff could not have uttered the inflammatory statements he was accused of making that formed the basis for the charge (ECF No. 6 at 6).  As relief, Plaintiff seeks his release back into the general population and the restoration of his gain time credits (ECF No. 6 at 7). Additionally, Plaintiff has separately filed a "Petition for Injunction" (ECF No. 9), in which he seeks essentially the same relief.

Plaintiff's claims are subject to dismissal pursuant to Heck v. Humphrey, 512 U.S. 477, 481, 114 S. Ct. 2364, 129 L. Ed. 2d 383 (1994), and its progeny.  The Supreme Court has held that a prisoner in state custody cannot use a Section 1983 action to challenge "the fact or duration of his confinement."  Preiser v. Rodriguez, 411 U.S. 475, 489, 93 S. Ct. 1827, 36 L. Ed. 2d 439 (1973); *see also* Wolff v. McDonnell, 418 U.S. 539, 554, 94 S. Ct. 2963, 41 L. Ed.2 d 935 (1974).

As provided in Preiser, the sole remedy in federal court for a prisoner seeking to restore good-time credits or to otherwise shorten the execution of his sentence is through a writ of habeas corpus.  411 U.S. at 500, 93 S. Ct. at 1841; *see also* Wolff v. McDonnell, 418 U.S. 539, 94 S. Ct. 2963 (1974).  By extension of this general

principle, the Supreme Court held in Heck that in order to pursue a civil rights action for damages based on an unlawful or invalid conviction or sentence, the litigant must first prove, through habeas corpus, that the conviction or sentence has been overturned. *See* Heck, 512 U.S. at 486–87, 114 S. Ct. at 2372. If the civil rights action is brought prior to the invalidation of the challenged conviction or sentence, the action must be dismissed as premature. *Id.* at 487, 114 S. Ct. at 2372. Then, in Edwards v. Balisok, the Supreme Court further extended the holding in Heck, finding that Heck applies to damages claims brought by a prisoner that would necessarily imply the invalidity of disciplinary determinations affecting the duration of time to be served, even if the prisoner does not explicitly seek to restore his prison gain time or to otherwise shorten his sentence. 520 U.S. 641, 648, 117 S. Ct. 1584, 137 L. Ed. 2d 906 (1997).

In the instant case, Plaintiff seeks the restoration of the gain time he lost as a result of the DR levied against him for his alleged incitement of a riot. Plaintiff's prayer for lost gain time obviously seeks relief in the nature of habeas corpus, and it is clear that he could not succeed on his claim unless he were able to successfully overturn his DR, which he cannot accomplish via a civil rights action.[1]

---

[1] It is obvious from the complaint that Plaintiff has not successfully overturned the DR at issue through habeas corpus or other alternative means (*see* ECF No. 6).

Case No.: 5:15cv172/MMP/EMT

Accordingly, it respectfully **RECOMMENDED**:

1. That the complaint be **DISMISSED** without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted.

2. That this dismissal should be deemed a "strike" for purposes of 28 U.S.C. § 1915(g).

3. That all pending motions be denied as moot.

At Pensacola, Florida, this 9th day of December 2015.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon all other parties.  If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**